IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES WATSON                                                                                    PLAINTIFF

vs.                                     CASE NO. **4:05CV001129GH**

CORNELL TAPPER, ET AL.                                                          DEFENDANTS

### **ORDER**

Pending before the Court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b).  On August 24, 2006, the Court granted defendants' motion for sanctions in part and directed plaintiff's counsel to make plaintiff available for deposition within twenty days of the Order.  Plaintiff did not comply with the Order and defendants filed a second motion for sanctions.  The Court, by Order dated October 12, directed plaintiff be made available for deposition by October 30, 2006.  On October 13, 2006, defendants' counsel sent a letter to plaintiff's counsel providing four different dates that were available for plaintiff's deposition.  Defendants contend that plaintiff has failed to appear for depositions by October 30th as ordered by the Court.

Plaintiff responded stating that he had proposed different dates for the deposition. He points to a July 5, 2006, letter, however that was addressed in the August 24th Order. That plaintiff proposed dates at that time cannot, therefore, excuse his failure to comply with the October 12th Order.  He further points to a September 18th letter proposing dates. This letter was written before the October 12th Order and cannot excuse plaintiff's failure to comply with that Order.

The October 12th Order stated that plaintiff's counsel <u>must</u> make plaintiff available for deposition. (emphasis in original). Plaintiff was warned that should plaintiff not appear for deposition by October 30th, the Court will consider the imposition of sanctions, including dismissal of this action.  Furthermore, plaintiff's counsel was directed to pay

-1-

$300.00 to defendants' counsel within twenty days of the October 12th Order. Defendants states that plaintiff's counsel has not paid the $300.00.

The August 24th Order and the October 12th Order warned plaintiff that failure to comply with the Court's orders would result in the imposition of sanctions. Plaintiff has failed to comply with orders directing that he appear at a deposition. This case has been pending for over a year. The case is set for trial on December 11, 2006. There is no excuse for plaintiff's blatant disregard of the Court's orders.

The Court finds that plaintiff has willfully violated the Court's orders directing that plaintiff be made available for deposition. *See Everyday Learning Corp. v. Larson*, 242 F. 3d 815, 817 (8th Cir. 2001). The Court further finds that as defendants are unable to prepare a defense, they are prejudiced plaintiff's bad faith conduct. *See Hairston v. Alert Safety Light Products, Inc.*, 307 F. 3d 717, 719 (8th Cir. 2002).

Accordingly, the Court finds that the motion to dismiss should be granted. The case is hereby dismissed with prejudice.[1]

IT IS SO ORDERED this 28th day of November, 2006.

*George Howard, Jr.*
_____
UNITED STATES DISTRICT JUDGE

---

[1] The motion for extension of time to file pretrial disclosures is denied as moot.

-2-